UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK W. HOGGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company; AFFINIA DEFAULT SERVICES, LLC, a Florida Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:21-cv-01862-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Patrick W. Hoggan's ("Plaintiff") Motion for Temporary Restraining Order ("TRO") and an Order to Show Cause regarding why a Preliminary Injunction ("PI") should be granted. (ECF No. 7.) On November 8, 2021, the Court granted the TRO and ordered Defendants Specialized Loan Servicing, LLC ("SLS") and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants") to show cause in writing no later than November 22, 2021, as to why Defendants and their agents, servants, and employees should not be restrained and enjoined and why a preliminary injunction should not issue. (ECF No. 10 at 11–12.) The TRO remained in effect for 28 days. (*Id.* at 12.) SLS filed an opposition to the Order to Show Cause. (ECF No. 15.) Affinia did not file a response. Plaintiff filed a reply. (ECF No. 16.) For the reasons set forth below, Plaintiff's motion for a PI is GRANTED.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts as they are set forth fully in the Court's November 8, 2021 Order.  (ECF No. 10.)  On August 25, 2021, Plaintiff filed a Complaint in Sacramento County Superior Court alleging claims for: (1) a violation of the Truth in Lending Act ("TILA"); (2) violations of the Rosenthal and Federal Fair Debt Collection Practices Act ("FDCPA"); (3) promissory estoppel; (4) wrongful foreclosure; (5) negligent misrepresentation; (6) unfair competition in violation of California Business & Professions Code §§ 17200–17210; and (7) violation of California Civil Code § 2924.17.  (ECF No. 1-1 at 9–16.)  On October 8, 2021, Defendants removed the action to this Court.  (ECF No. 1.)  On November 5, 2021, Plaintiff filed the instant motion seeking a TRO and PI to restrain Defendants from proceeding with a non-judicial foreclosure on Plaintiff's property located at 6544 Arcade Creek Way, Orangevale, CA 95662 (the "Property").  (ECF No. 7.)

## II. STANDARD OF LAW

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135

(9th Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id*.  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id*.  Simply put, plaintiffs must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in [p]laintiffs' favor in order to succeed in a request for preliminary injunction.  *Id*. at 1134–35.

### III. ANALYSIS

Before the Court now is Plaintiff's request for PI to restrain Defendants from proceeding with a non-judicial foreclosure on the Property.  (ECF No. 7.)  In its November 8, 2021 Order, the Court found there was a likelihood of success on the merits of some of Plaintiff's claims, a likelihood of irreparable harm absent an injunction, the balance of equities tipped sharply in Plaintiff's favor, and the public interest element was neutral.  (*See id.*; *see also Winter*, 555 U.S. at 20; *Alliance*, 632 F.3d at 1134–35.)  In its opposition to the Court's Order to Show Cause, SLS argues Plaintiff is not likely to succeed on the merits of his claims and that any injunction should be conditioned on the posting of a bond equal to the amount of default.  (*See* ECF No. 15.)  The Court will address each of SLS's arguments in turn.[1]

### A. Likelihood of Success on the Merits

In its prior November 8, 2021 Order, the Court found that Plaintiff established a likelihood of success on the merits of his promissory estoppel, California Civil Code § 2924.17, and unfair business practices claims and raised serious questions as to the merits of his FDCPA claim.[2]  (*See* ECF No. 10.)  The Court has reviewed SLS's opposition, which largely argues —

---

[1]  Because SLS does not address the likelihood of irreparable harm, the balance of equities, or the public interest, the Court's findings on these issues remains unchanged from its prior Order.  The Court therefore declines to address them here.

[2]  The Court acknowledges that it misnumbered Plaintiff's claims in its prior Order, but notes that the correct numbers are as listed on page two of the instant Order.

3

1   with respect to these claims — that Plaintiff fails to state facts sufficient to state a claim.  (ECF

2   No. 15 at 10–16.)  The Court has already found Plaintiff plausibly alleges the aforementioned

3   claims are sufficient to show a likelihood of success, and SLS has not persuaded the Court to find

4   otherwise for the purposes of ruling on the instant motion.  As Plaintiff has already established a

5   likelihood of success on the merits as to some of his claims, the Court declines at this juncture to

6   address the remaining TILA and wrongful foreclosure claims.  However, the Court will address

7   SLS's remaining argument regarding standing under the Unfair Competition Law ("UCL").

8         The Court previously found that Plaintiff stated a claim for unfair business practices under

9   the UCL because Plaintiff adequately stated a claim for violation of California Civil Code §

10  2924.17.  (ECF No. 10 at 9.)  Now, SLS argues Plaintiff has not established standing because he

11  has not pleaded "a loss of money or property caused by the alleged wrongful conduct."  (ECF No.

12  15 at 15.)  In reply, Plaintiff does not address SLS's argument with respect to the unfair business

13  practice claim specifically, but more generally contends he "has already suffered irreparable harm

14  by Defendants' unauthorized and illegal conduct by dual tracking his loan modification" and "[i]f

15  Defendants are not enjoined from proceeding with a trustee's sale, Plaintiff will lose title to his

16  home, be rendered homeless, and may lose rights in this action to any claim to the Property."

17  (ECF No. 16-1 at 9.)  Plaintiff also maintains he incurred

> economic damages measured by additional fees and interest accruing on the note, damages resulting from loss of pursuing loss-mitigation options, including possible lost profits from sale of the [P]roperty when the loan balance was more reasonable, fees and advances incurred by the lender and charged or attempted to be charged to Plaintiff under the terms of the Note, attorney fees for Plaintiff's attorneys and costs related thereto, communicating with lenders and servicers and attorneys for the same in an effort to get any information related to the Loan . . . .

23  (*Id.* at 8.)

24        Courts have held that a UCL plaintiff's injury-in-fact must specifically involve "lost

25  money or property."  *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1132 (N.D. Cal. 2014)

---

The Court also notes that Plaintiff, in his reply, argues that he will succeed on his claim under California Civil Code § 2923.5.  However, Plaintiff's Complaint does not allege a violation of this section.  Accordingly, the Court declines to consider Plaintiff's arguments regarding a violation of § 2923.5.

4

(quoting *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1348 n.31 (2009)). Here, as outlined above, Plaintiff has adequately alleged "lost money." Accordingly, the Court finds Plaintiff has standing to pursue his unfair business practices claim.

### B. The Bond Requirement

SLS argues that as Plaintiff has lived in the Property for thirteen years without making payments on the loan, "it is only appropriate that [SLS] be safeguarded for the amount of the default caused by Plaintiff's failure to pay the mortgage, which is in excess of [$44,000] with ongoing monthly payments sufficient to satisfy the principal, interest, and escrowed items for the subject loan." (ECF No. 15 at 16–17.) In reply, Plaintiff asserts that the Court has the discretion to waive the bond requirement. (ECF No. 16-1 at 9–10.) Plaintiff notes that courts in other cases have found it is not in the public interest to set a bond because a bank's interest is secured by a deed of trust, have waived a bond for lack of evidence the services will suffer damages from an injunction, or have waived the bond altogether. (*Id.* at 10.) Plaintiff requests that should the Court set a bond, it not be set at the unpaid amount of the loan or the entire amount of arrearages as courts have found such an amount "tantamount to requiring tender" and "excessive." (*Id.*)

The Court agrees with Plaintiff that the amount of default caused by Plaintiff's failure to pay the mortgage is equivalent to requiring tender. The tender rule is an equitable concept, which means it is within the Court's discretion to require tender from a plaintiff. *Pantoja v. Countywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009). Courts have held "failure to allege tender is not decisive at [the pleading] stage." *Id.* (quoting *Storm v. Am.'s Servicing Co.*, 2009 WL 3756629, at *6 (S.D. Cal. Nov. 6, 2009); *Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at *8–9 (C.D. Cal. Sept. 3, 2014)). Furthermore, courts have held the tender rule does not apply to violations of the California Homeowner's Bill of Rights ("HBOR"). *Id.* (citing *Valbuena v. Ocwen Loan Serv., LLC*, 237 Cal. App. 4th 1267, 1273–74 (2015) ("Nothing in the language of HBOR suggests that a borrower must tender the loan balance before filing suit based on a violation of the requirements of the law.").

This Court has excused compliance with the tender requirement in the past when plaintiffs have sought to prevent the sale of their home through injunctive relief, when plaintiffs allege that

with a modification they could have cured their deficiency without having to pay the amount due (but defendants foreclosed while plaintiffs' loan modification application was pending), or when plaintiffs have alleged a violation of California's foreclosure statutes. *See Way v. JP Morgan Chase Bank, NA*, No. 2:16-cv-02244-TLN-KJN, 2018 WL 2117630, at *10 (E.D. Cal. May 8, 2018); *Swasey v. Seterus, Inc.*, No. 2:16-cv-01633-TLN-EFB, 2018 WL 3017554, at *11 (E.D. Cal. Jun. 14, 2018). As Plaintiff has adequately alleged claims for a violation of the HBOR and seeks to prevent the sale of his home through injunctive relief, the Court finds Plaintiff is excused from the tender requirement at this time.

Accordingly, the Court has considered the parties' arguments and continues to waive the discretionary bond requirement set forth in Rule 65, as it has concluded there is still no realistic likelihood of harm to Defendants from prohibiting them from delaying the non-judicial foreclosure of the Property and any possible harm to Defendants will be slight. *See Governing Council of Pinoleville Indian Community v. Mendocino Cnty.*, 684 F. Supp. 1042, 1047 (N.D. Cal. 1988) (citing *People of California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325–26 (9th Cir. 1985)); *see also Jorgensen v. Cassiday*, 320 F. 3d 906, 919 (9th Cir. 2003); *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007).

### IV. CONCLUSION

In light of the Court's findings in its November 8, 2021 Order, the Court hereby GRANTS Plaintiff's motion for PI (ECF No. 7) as follows:

Unless modified by further order of this Court, Defendants and their agents, servants, and employees, continue to be RESTRAINED AND ENJOINED from proceeding with a foreclosure and trustee's sale of the Property at 6544 Arcade Creek Way, Orangevale, CA 95662. (ECF No. 7.) This PI shall remain in full force and effect pending trial, final disposition of this action, or further order of this Court, and the Court retains jurisdiction of this matter for all purposes. Any party may also petition the Court upon proper notice to amend or lift the PI.

IT IS SO ORDERED.

DATED: December 6, 2021

Troy L. Nunley
United States District Judge