UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK W. HOGGAN,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC; AFFINIA DEFAULT SERVICES, LLC; and DOES 1–100, inclusive,<br><br>Defendants. | No. 2:21-cv-01862-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Specialized Loan Servicing, LLC's ("Defendant" or "SLS")[1] Motion to Dismiss. (ECF No. 3.) Plaintiff Patrick W. Hoggan ("Plaintiff") filed an opposition. (ECF No. 17.) Defendant filed a reply. (ECF No. 21.) For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

///
///
///
///

---

[1] Affinia Default Services, LLC ("Affinia") is also a named Defendant in this action, but does not join in the instant motion. The Court will refer to SLS and Affinia collectively as "Defendants."

1


### I.     FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Defendants' alleged mishandling of Plaintiff's home equity line of credit ("HELOC") for his property located at 6544 Arcade Creek Way, Orangevale, CA 95662 (the "Property"). (*See* ECF No. 1-1 at 5–16.) Plaintiff purchased the Property in 1998 and entered into an agreement to refinance with Quicken Loans, Inc. ("Quicken") on July 6, 2005. (*Id.* at 7.) Quicken loaned Plaintiff $52,500.000 (the "Loan") secured by the Property — then and now Plaintiff and his family's primary residence and home — through a second position Deed of Trust. (*Id.*) Mortgage Electronic Registration Systems, Inc. ("MERS") was the named beneficiary and Orange Coast Title Company was the named trustee. (*Id.* at 7–8.)

Plaintiff maintained his payments on the Loan until 2008, when he had a business failure that ultimately resulted in a bankruptcy in 2010. (*Id.* at 8.) Plaintiff subsequently began to fall behind on his payments and believed the second position Deed of Trust was extinguished during bankruptcy proceedings. (*Id.*) Plaintiff entered into a modification with his first position Deed of Trust through Ocwen Loan Servicing and believed his second position Deed of Trust was extinguished with this refinance if it was not extinguished in the bankruptcy proceedings. (*Id.*) On May 20, 2021, Affinia, on behalf of SLS, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") on the Property. (*Id.*) Plaintiff maintains he was never provided with notice or a recording to inform him the previous trustee — First American Title — had assigned, transferred, or sold its rights as the trustee under Deed of Trustee to Affinia. (*Id.*)

Plaintiff contacted SLS to confirm the debt and called SLS to request documents authenticating the loan, but SLS did not respond. (*Id.*) On September 9, 2021, Affinia, on behalf of SLS, recorded a Notice of Trustee's Sale ("NOTS") on the Property. (ECF No. 7 at 4.) Plaintiff argues a controversy has arisen between himself and Defendants "because of Defendant's negligent misrepresentations preventing Plaintiff from curing [his] default and extinguishing the transaction by operation of law." (*Id.*) Plaintiff maintains Defendants acted in concert to deprive him of his civil rights by taking the Property without due process of law. (*Id.* at 4–5.)

1    On August 25, 2021, Plaintiff filed a Complaint in Sacramento County Superior Court
2 alleging claims for: (1) a violation of the Truth in Lending Act ("TILA"); (2) violations of the
3 Rosenthal Act and Federal Fair Debt Collection Practices Act ("FDCPA"); (3) promissory
4 estoppel; (4) wrongful foreclosure; (5) negligent misrepresentation; (6) unfair competition in
5 violation of Cal. Bus. & Prof. Code §§ 17200–17210; and (7) violation of Cal. Civ. Code §
6 2924.17. (ECF No. 1-1 at 9–16.) On October 8, 2021, Defendants removed the action to this
7 Court. (ECF No. 1.) On October 15, 2021, Defendant filed the instant motion to dismiss. (ECF
8 No. 3.) On December 2, 2021, Plaintiff filed an opposition.[2] (ECF No. 17.) On December 9,
9 2021, Defendant filed a reply. (ECF No. 21.)

10   **II.    STANDARD OF LAW**

11   A motion to dismiss for failure to state a claim upon which relief can be granted under
12 Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.
13 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain
14 "a short and plain statement of the claim showing that the pleader is entitled to relief." *See*
15 *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the
16 complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon
17 which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).
18 "This simplified notice pleading standard relies on liberal discovery rules and summary judgment
19 motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*
20 *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

21   On a motion to dismiss, the factual allegations of the complaint must be accepted as true.
22 *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every
23 reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*
24 *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege
25 "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

---

[2] Plaintiff's opposition contains arguments regarding a claim for breach of the implied covenant of good faith and fair dealing. (ECF No. 17 at 12–13.) Because Plaintiff's Complaint does not allege a claim for breach of the implied covenant of good faith and fair dealing, the Court need not and does not address this argument.

relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.    ANALYSIS**

Defendant argues that Plaintiff's claims are not adequately pleaded or that they fail to state cognizable legal theories. (ECF No. 3 at 4.) The Court will address each claim in turn, starting with Defendant's request for judicial notice.

### A.    Defendant's Request for Judicial Notice

Defendant requests judicial notice of Exhibits 1 through 4. (ECF No. 5 at 2.) Exhibit 1 is the docket for Plaintiff's Chapter 13 Bankruptcy Petition. (ECF No. 5-1.) Exhibit 2 is Plaintiff's Chapter 7 Voluntary Petition. (ECF No. 5-2.) Exhibit 3 is the Substitution of Trustee recorded April 8, 2021, as document number 202104082104. (ECF No. 5-3.) Exhibit 4 is the Deed of Trust recorded July 11, 2005 at book 20050711, at page 0098. (ECF No. 5-4.) Plaintiff does not oppose this request. (ECF No. 17.)

This Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Ninth Circuit has held that the proceedings and determinations of the courts are a matter of public record suitable for judicial notice. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988). Deeds of Trust and similarly recorded public documents are also widely held as proper subjects of judicial notice. *See, e.g.*, *In the Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of deeds and assignments).

Exhibits 1 through 4 are either court documents of public record or publicly recorded documents. Therefore, the request for judicial notice is GRANTED.

### B.    Claim One: Violation of the TILA

Defendant argues that Plaintiff cannot state a claim under 12 C.F.R. § 1026.41 ("§ 1026.41") because his HELOC was an open-credit transaction, and § 1026.41 applies to "a closed-end consumer credit transaction." (ECF No. 3 at 5.) Defendant argues in the alternative that Plaintiff has failed to state with specificity who told him the HELOC was charged off and when he was told the HELOC was charged off. (*Id.*) In opposition, Plaintiff argues that federal law requires a lender/servicer to provide monthly statements unless a loan is in active bankruptcy and he has not received any statements on his loan serviced by SLS, he has not opted out of his

1  right to receive such statements, nor is SLS exempt from the requirement to send such statements.
2  (ECF No. 17 at 9–10.)  In reply, Defendant maintains § 1026.41 does not apply because it does
3  not apply to open-end credit transactions.  (ECF No. 21 at 2.)

4  Section 1026.41 requires servicers of mortgage loans to "provide the consumer, for each
5  billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this
6  section."  12 C.F.R. § 1026.41.  Paragraphs (b), (c), and (d) set forth the timing, form, and content
7  requirements of the periodic statement.  *Id.*  Section 1026.41 also provides that it "applies to a
8  closed-end consumer credit transaction secured by a dwelling," unless a specific exemption under
9  subsection (e) applies.  *Id.*  TILA defines "closed-end credit" as "consumer credit other than
10 'open-end credit.'"  *Id.* § 1026(a)(10).  TILA defines "open-end credit" as "consumer credit
11 extended by a creditor under a plan in which: (i) the creditor reasonably contemplates repeated
12 transactions; (ii) the creditor may impose a finance charge from time to time on an outstanding
13 unpaid balance; and (iii) the amount of credit that may be extended to the consumer during the
14 term of the plan (up to any limit set by the creditor) is generally made available to the extent that
15 any outstanding balance is repaid."  *Id.* § 1026(a)(20).  Other courts have also found that
16 HELOCs are open-end lines of credit.  *See Hofstetter v. Chase Home Finance, LLC*, 751 F. Supp.
17 2d 1116, 1124 (N.D. Cal. 2010); *Johnston v. Lindaur*, No. 2:07-cv-280-GEB-EFB, 2010 WL
18 147939, at *3 (E.D. Cal. Jan. 12, 2010).

19 In the instant case, Plaintiff's HELOC is an "open-end credit" transaction because the
20 Loan provided for repeated extensions of credit.  (*See* ECF No. 5-4 at 1 ("The Note provides for
21 loan advances to be made by the Lender to the Borrower from time to time, and for a period not
22 to exceed 10 years (the 'Draw Period'), during which loan advances may be repaid and
23 reborrowed for up to an amount not to exceed the sum of US $52,500.00.").)  Plaintiff's HELOC
24 is an "open-credit" transaction and § 1026.41 only applies to "closed-end consumer credit
25 transactions."  Plaintiff also specifically states in his opposition that all the exemptions listed in
26 subsection (e) do not apply to him, with the exception of subsection (e)(5), which applies to
27 certain consumers in bankruptcy.  (*See* ECF No. 17 at 10); 12 C.F.R. § 1026.41(e)(5).  Plaintiff is
28 therefore currently unable to state a claim under 12 C.F.R. § 1026.41.  Because the Court cannot

6

determine "that the pleading could not be cured by the allegation of other facts" — specifically whether the exemption in § 1026.41(e)(5) applies to him — the Court will grant leave to amend. *See Lopez*, 203 F.3d at 1130. Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### C. Claim Two: Violations of the Rosenthal Act and the FDCPA

Defendant argues that Plaintiff fails to cite which section of the FDCPA it allegedly violated, "merely alleges that [Defendant] misrepresented the amount of debt by including interest and fees," and does not provide calculations of interest or fees. (ECF No. 3 at 6.) Defendant further argues that to the extent this claim is based on a violation of 12 C.F.R. § 1026.41, because that regulation does not apply, this claim fails as well. (*Id.*) In opposition, Plaintiff cites to 15 U.S.C. § 1692 and asserts Defendant violated that provision by "misrepresent[ing] the amount of the debt by including interest and fees that it is federally prohibited from collecting on Plaintiff['s] Second Loan . . . ." (ECF No. 17 at 11.) Plaintiff further asserts that Defendants failed to satisfy the notice and due diligence requirements of California Civil Code § 2923.5, failed to follow TILA, as well as the FDCPA and Rosenthal Act. (*Id.*) In reply, Defendant maintains that Plaintiff has not sufficiently pleaded facts to establish that it violated the FDCPA and the Rosenthal Act. (ECF No. 21 at 2–3.)

In the instant case, the Court finds that Defendant is correct that Plaintiff does not adequately allege in his Complaint what provision of the FDCPA or Rosenthal Act Defendant violated. (*See* ECF No. 1-1 at 5–16.) Without identifying which statute has been violated, Defendant does not have "fair notice of what the claim . . . is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### D. Claim Three: Promissory Estoppel

Defendant argues that Plaintiff has not pleaded a clear promise sufficient to support this claim, and instead he has pleaded that Defendant "never responded to [him]," which precludes a clear promise. (ECF No. 3 at 6 (citing ECF No. 1-1 ¶ 21).) Defendant notes that "Plaintiff has not set forth specific details of the promises, who made the promises or when they were made," or

"that he would have been able to secure alternative loans and refinancing for the Property to show detrimental reliance." (*Id.* at 7.) In opposition, Plaintiff asserts that Defendant agreed "to send [him] documentation confirming and verifying the amount of the debt and providing [him] with loss mitigation options," but instead he did not receive anything, relied upon those promises (and the lack of monthly mortgage statements), thought the loan was "charged off," and gave up alternative loans and refinancing for the Property and to the underlying loans secured by the Property in reliance upon Defendant's promises. (ECF No. 17 at 13.)  In reply, Defendant maintains that Plaintiff has not pleaded "who he spoke to, when he spoke to them, whether it was by telephone, what telephone number he called, what exactly he asked for[,] and what was promised." (ECF No. 21 at 3.)  Defendant also notes that Plaintiff's opposition does not show how his Complaint adequately establishes that he gave up alternative loans and refinancing. (*Id.*)

"The elements of a promissory estoppel claim are as follows: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology Inc. v. State of California,* 129 Cal. App. 4th 887, 901 (2005).

With respect to the first element, Plaintiff alleges that Defendant "agreed to send [him] documentation confirming the debt and providing Plaintiff with loss mitigation options." (ECF No. 1-1 at 10.)  With respect to the second element, Plaintiff alleges that he "relied on the promises made by [Defendant]" and gave up "alternative loans and refinancing for the Property and to the underlying Loans secured by the Property." (*Id.*)  With respect to the third element, Plaintiff alleges his "reliance upon Defendant's promises were reasonable and foreseeable, as [Defendant] was the successor beneficiary under the Deed of Trust." (*Id.*)  With respect to the fourth element, Plaintiff alleges he has been injured by relying on Defendant's promises and "now faces the imminent loss of title and possession to his Property." (*Id.* at 11.)  Plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  Accordingly, Defendant's motion to dismiss this claim is DENIED.

///

E.     Claim Four: Wrongful Foreclosure

Defendant argues Plaintiff alleges it "violated California Civil Code §[§] 2924[,] *et seq.* without any specificity of how it was purportedly violated," which "is insufficient to put [Defendant] on notice of the allegations against it and insufficient to state a claim." (ECF No. 3 at 7 (emphasis omitted).) Defendant states Plaintiff also fails to allege a sale has occurred, that he tendered the amount of the secured indebtedness, or that he was excused from tender. (*Id.* at 8.) In opposition, Plaintiff asserts Defendant has failed to comply with California Civil Code §§ 2924, *et seq.* because it has failed to comply with the requirements of the Notice of Default provisions within this section. (ECF No. 17 at 13–14.) Plaintiff also notes that there is no "incidental right to enforce any deed of trust and proceed with a non-judicial foreclosure." (*Id.* at 14.) In reply, Defendant argues Plaintiff's opposition does not show a single fact was pleaded in support of this claim, but only states that Defendant failed to comply with the requirements of California Civil Code §§ 2924, *et seq*. (ECF No. 21 at 4.)

In the instant case, the Court finds that Plaintiff does not adequately allege in his Complaint what provision of California Civil Code §§ 2924, *et seq*. was violated, other than stating that Defendant "failed to comply with the requirements of the Notice of Default provisions" within this section. (*See* ECF No. 1-1 at 11.) Without identifying which statute has been violated, Defendant does not have "fair notice of what the claim . . . is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In the alternative, if Plaintiff were trying to allege a common law claim for wrongful foreclosure, it would also fail because Plaintiff does not allege that Defendant actually caused a sale of the Property. *See Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. Sept. 25, 2013) (to state a claim for wrongful foreclosure, a plaintiff must allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) . . . the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."). Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

///

F.     Claim Five: Negligent Misrepresentation

Defendant argues Plaintiff fails to allege what representations were made, when they were made, or who made them. (ECF No. 3 at 8.) Defendant notes that this claim is not pleaded with particularity, and negligent misrepresentation claims must include "the time, place, and specific content of the false representations as well as . . . the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Id.* (quoting *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 947 (S.D. Cal. 2020)).) In opposition, Plaintiff contends this claim is adequately pleaded because Defendant was required under law "to send Plaintiff documentation confirming and verifying the amount of the debt and providing Plaintiff with loss mitigation options," but Plaintiff did not receive anything. (ECF No. 17 at 14.) Plaintiff notes that he relied upon the promises, the lack of statements, thought the loan was "charged off," and gave up alternative loans and refinancing for the Property and to the underlying loans secured by the Property in reliance on Defendant's promises. (*Id.*)

The elements of negligent misrepresentation are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of the falsity; (3) justifiable reliance; and (4) resulting damage. *Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 101 (E.D. Cal. 2010) (citing *Cadlo v. Owens-Illionis, Inc.*, 125 Cal. App. 4th 513, 519 (2004)). A negligent misrepresentation claim must also comply with the heightened pleading standards of Rule 9(b). *Id.* Specifically, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The allegations underlying a fraud claim must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set

forth what is false or misleading about a statement, and why it is false." *Id.* (internal citation omitted).

With respect to the first and second elements, Plaintiff alleges that Defendant, "through [its] agents and employees, made representations to Plaintiff that they knew or should have known were false, or had no reasonable grounds to believe were true." (ECF No. 1-1 at 11.) With respect to the third element, Plaintiff alleges he "actually and reasonably relied on the representations made by [Defendant] and [its] agents and employees." (*Id.* at 12.) With respect to the fourth element, Plaintiff alleges that as a result of the misrepresentations, he "has been and continue[s] to be damaged in an amount to be proven at trial" and "will seek leave of [this] Court to amend this Complaint once the full amount of [his] damages has been ascertained." (*Id.*) The Court finds the foregoing allegations fail to adequately allege "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. The claim is not pleaded with the specificity required by Rule 9(b). Accordingly, Defendant's motion to dismiss this claim is GRANTED with leave to amend.

### G. Claim Six: Unfair Competition

Defendant argues this claim is duplicative of Plaintiff's other failed claims and that this claim requires "an allegation of an underlying violation of law." (ECF No. 3 at 9.) Defendant also argues Plaintiff does not have standing under this claim because he has not pleaded a loss of money or property caused by the alleged wrongful conduct. (*Id.*) In opposition, Plaintiff maintains Defendant's business practices were unlawful, unfair, and fraudulent. (ECF No. 17 at 15–16.) Plaintiff asserts he has pleaded Defendant's practices were unlawful "with the requisite specificity that Defendant['s] actions and failures . . . constitute a pattern and practice of behavior in conscious disregard for [his] rights under TILA, and specifically 12 C.F.R. § 1026.41." (*Id.* at 15.) Plaintiff asserts Defendant's practices were unfair because they "were fraudulent and violated public polic[y]." (*Id.* at 16.) Plaintiff asserts Defendant's practices were fraudulent because "defendant is misleading its customers who have put their trust in Defendant to act fairly and honestly and not violate any laws or regulations." (*Id.* at 17.) In reply, Defendant maintains the only violation Plaintiff uses to support this claim is the alleged violation of 12 C.F.R. §

11

1026.41, which does not apply to Plaintiff's Loan. (ECF No. 21 at 5.)

The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Because Business and Professions Code [§] 17200 is written in the disjunctive, it establishes three varieties of unfair competition – actions or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996)). Plaintiff may therefore state a violation of the UCL based on conduct that is unfair or fraudulent, even if that conduct is not unlawful. *Id.*

Because Plaintiff appears to assert a UCL claim based on all three prongs, the Court will address the three prongs below. However, the Court will first address whether Plaintiff adequately alleges UCL standing.

### i. UCL Standing

Standing under the UCL requires that a party "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. *economic injury*, and (2) show that that economic injury was the result of i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). With respect to the first element, Plaintiff indeed alleges monetary damages as he alleges that he "has been and continue[s] to be damaged in an amount to be proven at trial" and that he has "a substantial, ascertainable loss." (ECF No. 1-1 at 12, 14.) With respect to the second element, Plaintiff alleges he "reasonably relied" on Defendant's "misrepresentations and failure to make accurate representations" and failure "to provide material information about" his Loan. (*Id.* at 13–14.) The Court finds the reasonable inference from these allegations is that this alleged unlawful, unfair, or fraudulent conduct caused Plaintiff's damages. Accordingly, the Court finds that Plaintiff adequately establishes standing.

### ii. Unlawful

Under its "unlawful" prong, "the UCL borrows violations of other laws ... and makes those unlawful practices actionable under the UCL." *Prakashpalan v. Engstrom, Lipscomb &*

*Lack*, 223 Cal. App. 4th 1105, 1133 (2014) (internal citations omitted).  Thus, "[t]o state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Id.*  In the instant case, the only claim which the Court finds Plaintiff has adequately pleaded is a claim for promissory estoppel.  A remaining claim for promissory estoppel is insufficient to serve as the foundation for violation of the UCL.  *Helmer v. Bank of Am., N.A.*, No. CIV S-12-0733 KJM-GGH, 2013 WL 1192634, at *7 (E.D. Cal. Mar. 22, 2013).  Accordingly, Defendant's motion to dismiss this claim based on the unlawful prong is GRANTED with leave to amend.

      *iii.*  *Unfair*

An "unfair" business practices is "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 187.  In the instant case, Plaintiff only states in a conclusory fashion that Defendant's "business acts and practices . . . constitute 'unfair' business practices under the UCL in that said acts and practices offend public policy and are substantially injurious to Plaintiff and all consumers." (ECF No. 1-1 at 13.)  Plaintiff identifies those "business acts and practices" as "fail[ing] to provide Plaintiff with any periodic mortgage statements" and "systematically violating the provision of California Civil Code [§§] 2924, *et seq.*, as it pertains to their obligations under the Deed of Trust and proceeding with a non-judicial foreclosure." (*Id.* at 13–14.)  As previously noted, Plaintiff has failed to adequately allege claims for a violation of TILA or for wrongful foreclosure.  Therefore, Plaintiff does not plead any facts to suggest Defendant is engaging in conduct that "threatens an incipient violation of antitrust law," "violates the policy or spirit of one of those laws," or "otherwise significantly threatens or harms competition."  (*See id.* at 5–16.)  Accordingly, Defendant's motion to dismiss this claim based on the unlawful prong is GRANTED with leave to amend.

      *iv.*  *Fraudulent*

"To state a claim under the fraudulent prong of the UCL, plaintiffs must prove 'actual reliance on the allegedly deceptive or misleading statements,' . . . and that 'the misrepresentation

13

was an immediate cause of the injury-producing conduct.'" *Swafford v. Int'l Bus. Machines Corp.*, 408 F. Supp. 3d 1131, 1152 (N.D. Cal. 2019) (quoting *Kwikset Corp.*, 51 Cal. 4th at 326; *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). If a UCL claim is grounded in fraud, the entire claim must meet the heightened pleading requirement of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (2009).

In the instant case, Plaintiff alleges that Defendant engaged in fraudulent business practices as the "said acts and practices are likely to deceive the public and affect[] consumers' legal rights and obligations." (ECF No. 1-1 at 14.) The "acts and practices" Plaintiff refers to are the same "acts and practices" detailed above — "fail[ing] to provide Plaintiff with any periodic mortgage statements" and "systematically violating the provision of California Civil Code [§§] 2924, *et seq.*, as it pertains to their obligations under the Deed of Trust and proceeding with a non-judicial foreclosure." (*Id.* at 13–14.) The Court finds the foregoing allegations fail to adequately allege "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. The claim is not pleaded with the specificity required by Rule 9(b). Accordingly, Defendant's motion to dismiss this claim based on the fraudulent prong is GRANTED with leave to amend.

H.  Claim Seven: Violation of Cal. Civ. Code § 2924.17

Defendant argues Plaintiff fails to allege what fees and interest were illegal with respect to this claim, namely "what the debt actually is or what particular charges were improper." (ECF No. 3 at 10.) Defendant notes Plaintiff also has not pleaded "his HELOC was actually charged off, . . . the particulars of who told him that, . . . [and] a basis [for] prohibiting any of the fees or interest claimed to be improper." (*Id.*) Plaintiff does not address this claim in opposition. (*See* ECF No. 17.) In reply, Defendant notes that "when a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, [the] court generally dismisses it with prejudice" and therefore this claim should be dismissed. (ECF No. 21 at 4–5 (citing *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014)).)

Other courts have construed a plaintiff's failure to address a claim in opposition to a defendant's motion to dismiss as "abandonment of the claim." *Moore*, 73 F. Supp. 3d at 1205

14

(citing cases). Plaintiff has not opposed Defendant's motion to dismiss this claim. Accordingly, Defendant's motion to dismiss this claim is GRANTED without leave to amend.

### IV. CONCLUSION

Based on the foregoing, the Court hereby GRANTS in part and DENIES in part Defendant's Motion to Dismiss (ECF No. 3) as follows: (1) Defendant's Motion to Dismiss Claims One, Two, and Four through Six is GRANTED with leave to amend; (2) Defendant's Motion to Dismiss Claim Three is DENIED; and (3) Defendant's Motion to Dismiss Claim Seven is GRANTED without leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendant's responsive pleading is due within twenty-one (21) days of the electronic filing date of the amended complaint.

IT IS SO ORDERED.

DATED: September 15, 2022

                                              Troy L. Nunley
                                              United States District Judge